UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                             :

DUSLEY SHELTON,                  :

                 Plaintiff,   :

                             :         26 Civ. 2886 (LGS)

          -against-          :

                             :

1820 HARRISON REALTY, L.L.C. et al.,  :        **ORDER**

                 Defendants.  :

                             :

-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Dollar Tree Stores, Inc. ("Dollar Tree") removed this action from the Supreme Court of New York, Bronx County, pursuant to this Court's diversity jurisdiction, on April 8, 2026. (Dkt. No. 1 ("Notice of Removal")). As explained below, the Notice of Removal does not establish diversity jurisdiction.

**Legal Standard**

WHEREAS, a federal district court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

WHEREAS, "the party invoking federal jurisdiction" bears the burden "to establish the existence of diversity jurisdiction."[1] *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). A court must "resolve any doubts against removability." *Link Motion Inc. v. DLA Piper LLP*, 103 F.4th 905, 911 (2d Cir. 2024).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

WHEREAS, under the doctrine of fraudulent joinder, "[a] plaintiff may not defeat diversity jurisdiction by improperly joining a non-diverse defendant with no genuine connection to the matter." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356 (2d Cir. 2011). "Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 302 (2d Cir. 2004); *accord Castillo v. BJ's Wholesale Club*, 645 F. Supp. 3d 85, 89 (E.D.N.Y. 2022). "The defendant bears the heavy burden of proving the circumstances [of fraudulent joinder] by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff." *Brown*, 654 F.3d at 356.

**Diversity Jurisdiction**

WHEREAS, the Complaint names as Defendants 1820 Harrison Realty, L.L.C., Dollar Tree Store Management, Inc., referred to in the Notice of Removal as Dollar Tree Stores Management ("DTS Management"), and Dollar Tree. The parties stipulated to dismissal of 1820 Harrison Realty, L.L.C. in state court. (Dkt. No. 3-4). The remaining Defendants are DTS Management and Dollar Tree.

WHEREAS, the Complaint asserts that Plaintiff is a resident of New York, and that both remaining Defendants are corporations organized under the laws of the State of New York. The Complaint does not assert where the remaining Defendants have their principal place of business, which (in addition to the place of incorporation) determines their place of citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1).

WHEREAS, the Notice of Removal asserts that Plaintiff is a citizen of New York and that Defendant Dollar Tree is a corporation organized under the laws of the Commonwealth of

2

Virginia with its principal place of business in Virginia.  The Notice of Removal provides no information about the citizenship of DTS Management.

WHEREAS, the Notice of Removal states that Defendant DTS Management "was a subsidiary of" Defendant Dollar Tree; that DTS Management was "replaced with Dollar Tree Management, LLC" and that "Dollar Tree stores are leased under [Defendant Dollar Tree], which is the correct entity."  (Dkt. No. 1 ¶ 14).

WHEREAS, the Notice of Removal provides no information about the membership of Dollar Tree Management, LLC, which determines its citizenship for the purpose of diversity jurisdiction.  *See Platinum-Montaur*, 943 F.3d at 615.  Nor has any required disclosure statement under Federal Rule of Civil Procedure 7.1 been filed for Dollar Tree Management, LLC.  This statement should provide the necessary information.

WHEREAS, lacking this information, the Notice of Removal does not establish that the parties are diverse.  *See id.* at 618 (holding that court could not assume jurisdiction when "none of the underlying state-court pleadings, the notice of removal, or the record as a whole reflected that the parties were completely diverse"); *accord Elliott v. Jaquez*, 777 F. Supp. 3d 136, 148 (E.D.N.Y. 2025).

WHEREAS, the Notice of Removal does not establish that the citizenship of DTS Management should be disregarded for the purpose of diversity under the doctrine of fraudulent joinder.  The Notice of Removal's vague and conclusory statements that DTS Management was "replaced with" an LLC, or that Dollar Tree "is the correct entity," do not meet Dollar Tree's "heavy burden" to establish that there is "no possibility that the claims against [DTS Management] could be asserted in state court." *Briarpatch*, 373 F.3d at 302.  Dollar Tree provides no sworn statement or other evidentiary support for the assertion.  It is a "purely

conclusory assertion," which is insufficient to establish fraudulent joinder. *Kuvshynov v. Fox News Network, LLC*, No. 24 Civ. 1950, 2024 WL 4850816, at *4 (S.D.N.Y. Nov. 21, 2024).

**Procedural Defect**

WHEREAS, the Notice of Removal is also procedurally defective. When an action is removed under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Defendant DTS Management was served in the state court action, and counsel for Dollar Tree filed an Answer on behalf of both Dollar Tree and DTS Management (although the Answer asserts that DTS Management is "a non-existent entity," (Dkt. No. 3-3 at 1)). The Notice of Removal does not state that DTS Management has joined in or consented to removal, nor has counsel provided evidence that DTS Management does not exist such that it is incapable of providing consent.

**Remand**

WHEREAS, a district court may *sua sponte* remand a case to state court when the party seeking removal has failed to establish diversity jurisdiction or for a procedural defect with the Notice of Removal. *Platinum-Montaur*, 943 F.3d at 616 (diversity jurisdiction); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131 (2d Cir. 2006) (procedural defect). It is hereby

**ORDERED** that the matter is remanded to state court.

The Clerk of Court is respectfully directed to close the case and to mail a certified copy of this Order to the Supreme Court of the State of New York, Bronx County pursuant to 28 U.S.C. § 1447(c).

Dated: April 20, 2026
    New York, New York

                                          LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE